## Hancox License

*Joseph J. Nelson*, for appellant.

*Michael Halliday*, for Secretary of Revenue.

RODGERS, P. J., January 18, 1963.—This is an appeal from an order of the Secretary of Revenue suspending

appellant's motor vehicle operating privileges for an indefinite period from September 21, 1962, and "until sufficient proof of competency is established by Appellant". A hearing was held before this court on November 9, 1962.

## Findings of Fact

1. Appellant, Harold Evan Hancox, is a resident of Mercer, Mercer County, Pennsylvania, formerly a resident of R. D. 6, Findley Township, Mercer, Mercer County, Pennsylvania; and has been a resident of this area for about 30 years.

2. Appellant has been licensed to operate a motor vehicle in Pennsylvania for many years.

3. Appellant has been employed at the Westinghouse Electric Corporation, Sharon, Pennsylvania, for many years, and is still so employed. Appellant is also the caretaker for Brandy Springs Park, a Mercer area community park, where he has been employed for many years. He is also a self-employed landscape gardener and tree trimmer.

4. Appellant operates a motor vehicle in the course of his business and employment and has no one else to operate a vehicle for him.

5. There was no evidence that appellant has ever been arrested for or convicted of any crime arising from his operation of a motor vehicle.

6. Appellant had many domestic problems during the latter part of 1961, and the first part of 1962. His wife divorced him and took as a settlement their common home. Appellant became nervous, and started drinking quite heavily.

7. Appellant realized he was drinking too much and intrusted himself to the care of Dr. William R. Vogan, Mercer, Pennsylvania, who committed him to the Mercer Cottage Hospital for surveilance for a period of about ten days.

8. On or about June, or July, 1962, appellant voluntarily committed himself to the Warren State Hospital, Warren, Pennsylvania, in order that he might undergo treatment for excessive drinking or the cause thereof.

9. On August 30, 1962, appellant was released from the Warren State Hospital. At that time the attending physician, Dr. Israel, pronounced appellant to be neuropsychiatric and placed him on a probation not to exceed 172 days.

10. On September 24, 1962, appellant received a notice by registered mail that the Secretary of Revenue had, without hearing, suspended his operator's license for an indefinite period on the grounds that he was an "incompetent operator" under sections 604 and 618 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §§604 (5), 618 (a) (1). The notice stated that the suspension was to extend until "sufficient proof of competency is established by Appellant".

11. The evidence presented by the Commonwealth on the question of competency is a statement under the signature of Robert H. Israel, M.D., which gives appellant's name and age and states as follows: "Remarks on case in detail: Sociopathic Personality Disturbance, Alcohol Addiction." In answer to the question: "Do you consider this person competent to safely operate a motor vehicle upon the highway," Dr. Israel stated, "No Neuropsychiatric Contraindication to his driving." We would interpert this answer to mean that the doctor found nothing which would indicate any incompetency in the motor vehicle operation.

12. Dr. William R. Vogan, appellant's attending physician, is a qualified physician and surgeon, who had several years training as a psychiatrist. He had known appellant for quite a few years and treated him professionally a number of times prior to appellant's present troubles. He has had appellant under his sur-

veilance as a patient in his hospital for a period of ten days prior to the time appellant committed himself to Warren State Hospital and has examined him several times since his release from Warren State Hospital. The last examination was made on November 8, 1962, immediately prior to this hearing.

13. Appellant has no physical or mental disabilities. Appellant has no symptom of psychosis.

14. Appellant is competent to operate a motor vehicle in a safe manner.

15. There was no evidence appellant has ever operated a motor vehicle while under the influence of alcohol or that he has taken a drink since his discharge from the Warren State Hospital.

### Conclusions of Law

1. On an appeal from a license suspension, the court of common pleas must hear the cause de novo and determine whether the operator's license would be suspended: Commonwealth v. Etzel, 370 Pa. 353.

2. The record discloses no record of any other proceedings in which appellant pleaded guilty, entered a plea of nolo contendere, or was found guilty of any offense.

3. There is no evidence which would lead this court to conclusions that appellant is incompetent to operate a motor vehicle as required by section 618(a) (1).

4. Appellant is competent to operate an automobile.

### Order

And now, January 18, 1963, the order of the Secretary of Revenue suspending the license of Harold Evan Hancox is reversed, and the secretary is directed to issue a license in accordance with this order and the regulations of the department.